DeMOSS, Circuit Judge,
specially concurring:
I concur fully in all of the holdings of Judge Barksdale’s opinion, however I write separately to comment on what I believe the district judge was trying to achieve at sentencing, and to suggest an alternative approach for re-sentencing.
From my reading of the record and the comments made at sentencing, I am persuaded that the district judge felt that a combined sentence of ten years was not appropriate for this defendant, which is why he ordered the two five-year sentences to run concurrent. If I am correct in this assumption, the district court may be able to achieve a similar result by issuing a non-Guideline sentence for the drug-possession charge either at or above the statutory minimum of one year (but below the low-end of the Guideline range), and then run the mandatory five-year sentence for the gun-possession conviction consecutively. Of course at re-sentencing a full and proper explanation must be given for any non-Guideline sentence to justify its reasonableness. The combined sentence that Krumnow could then receive under the applicable statutes could be as little as six years, which would be closer to what I believe the district judge felt was an appropriate sentence for this defendant.*

 The comments that I make in this special concurrence are solely my own opinions and *299 not the opinions or conclusions of any other panel member. I am in no way suggesting that the district judge is bound by this concurrence or that a non-Guidelines sentence will automatically be upheld on appeal.